UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK O. MARTIN, | |
| Petitioner, | |
| v. | CAUSE NO.: 1:23-CV-94-HAB-SLC |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Derrick O. Martin, a prisoner without a lawyer, filed an amended habeas petition under 28 U.S.C. § 2241 challenging a criminal case pending against him in Allen County. (ECF 8.) The court has reviewed the petition and determines that it "plainly appears . . . that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.[1] For the reasons outlined below, the petition is dismissed.

Mr. Martin is currently facing charges in Allen County for leaving the scene of an accident with moderate or serious bodily injury and operating a vehicle while intoxicated with a prior conviction.[2] *State v. Martin*, 02D04-2108-F6-1136 (Allen Sup. Ct. filed Aug. 30, 2021). The public docket reflects that Mr. Martin was arrested and

---

[1] The court may apply Rule 4 to other types of habeas petitions besides those filed under 28 U.S.C. § 2254. *See* RULE 1(B) OF THE RULES GOVERNING SECTION 2254 CASES. The court finds it appropriate to do so here.

[2] The court is permitted to take judicial notice of public court documents in ruling on the petition. *See* FED. R. EVID. 201.

appeared for an initial hearing on September 1, 2021. The court appointed the public defender to represent him. In mid-September 2021, he posted bond and was released on his own recognizance. A jury trial was originally scheduled for January 11, 2022; however, the trial was canceled and a change of plea hearing was scheduled for December 10, 2021, at the request of the parties. The transcript of the change of plea hearing is not presently before the court, but it can be discerned that the hearing did not go forward as planned, because after the hearing the court rescheduled the trial to July 12, 2022.

A pretrial hearing was held on June 21, 2022, in preparation for the trial. Thereafter, another change of plea hearing was scheduled for July 8, 2022. It can be discerned that no plea was entered then either, because the state subsequently sought and was granted leave to amend one of the charges. The trial was rescheduled to February 7, 2023. In advance of the trial, the state filed a motion *in limine* and proposed jury instructions. A few days prior to the scheduled trial date, Mr. Martin moved for a continuance. The court subsequently continued the trial to July 25, 2023. On May 18, 2023, Mr. Martin filed a *pro se* motion to dismiss on speedy trial grounds and a motion to suppress evidence. These motions are currently pending before the trial court.

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus from federal courts under 28 U.S.C. § 2241.[3] *Jackson v. Clements*, 796 F.3d

---

[3] Although Mr. Martin was released on bond pending trial, he satisfies the "in custody" requirement for pursuing federal habeas relief. *See Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 300-01 (1984).

841, 843 (7th Cir. 2015). Nevertheless, a federal court generally must "abstain from interfering with pending state proceedings to enforce a state's criminal laws[.]" *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The only recognized exceptions to this rule are Speedy Trial and Double Jeopardy claims. *Id*. All other claims must await the conclusion of the state proceedings. *Id.*

A review of the petition reflects that Mr. Martin did not properly complete it, as he left a number of questions blank and failed to outline any grounds for relief. (*See* ECF 8.) He filed a separate document labeled, "Pro Se Plaintiff's Motion of Response to Order Dated May 08-2023, Amended Petition & Order," in which he outlines various legal claims. (ECF 9.) This is not the proper procedure, as his legal claims should be set forth in the petition itself. *See* RULE 2 OF THE RULES GOVERNING 2254 CASES. However, in deference to his pro se status, and in light of the fact that he has already amended his petition once, the court will consider these two documents together to determine whether they show an entitlement to federal habeas relief.

Mr. Martin's grounds for relief are not a model of clarity, but it can be discerned that he asserts a Fifth Amendment Due Process claim, a Sixth Amendment Speedy Trial claim, a Fourteenth Amendment Equal Protection claim, a violation of federal criminal law 18 U.S.C. § 242, a Double Jeopardy violation, and a Sixth Amendment ineffective assistance of counsel claim. (ECF 9 at 1-2.) His Fifth Amendment claim, Fourteenth Amendment claim, violation of 18 U.S.C. § 242 claim, and Sixth Amendment ineffective-assistance-of-counsel claim cannot be raised in advance of trial. *Sweeney*, 612 F.3d at 573.

3

These claims must await the conclusion of the state proceedings for him to assert them in federal court. *Id.*

As for the Speedy Trial claim, he asserts that "I was arrested on 08/24/2021 and as of 05/08/2023, I am still held for trial under state custody." (ECF 9 at 1.) Such a claim may be raised in advance of trial, but there is no indication he has presented this claim to the state courts in the first instance. Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed under 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial. *See, e.g., Curtis v. State*, 948 N.E.2d 1143, 1147-48 (Ind. 2011). However, there is no indication from the petition or public records that Mr. Martin has availed himself of this remedy. Indeed, he did not demand a speedy trial in the trial court until May 2023, and his motion remains pending. He has not sought to appeal any adverse ruling through the interlocutory appeal process. He thus has not yet presented his Speedy Trial claim in one complete round of state review.

Assuming for the sake of argument he could overcome the exhaustion barrier, he has not demonstrated an entitlement to federal habeas relief. Under the Sixth Amendment, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative. It is consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (citations and internal quotation marks omitted). The Supreme Court has expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial."[4] *Id.* (citations and internal quotation marks omitted). Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Under the test, the court must consider whether any pretrial delay was "uncommonly long," whether the government or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

Although Mr. Martin has been in custody for more than a year, it appears he only recently demanded a speedy trial. The docket further reflects that the trial was rescheduled twice due to an apparent plea agreement between the parties, which ultimately did not go forward. The case was also delayed when Mr. Martin sought a last-minute continuance of the trial date. The delays in the case have not been

---

[4] To the extent he is relying on Indiana law, which quantifies the number of days in which a defendant must be brought to trial, IND. R. CRIM. P. 4, such a claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

uncommonly long, nor has he shown that his defense has been prejudiced or compromised by the delay. *See United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) ("[A] defendant who cannot demonstrate prejudice with specificity will not show a Sixth Amendment violation, no matter how long the delay."). Thus, even if he could overcome the exhaustion problem, he has not established an entitlement to federal habeas relief in connection with this claim.

As for his remaining claim, the Double Jeopardy Clause bars a retrial following an acquittal or a trial that ended in a hung jury under certain circumstances. *Currier v. Virginia*, 138 S. Ct. 2144, 2150 (2018); *Richardson v. United States*, 468 U.S. 317, 323-24 (1984). Mr. Martin does not provide any elaboration of his claim other than stating simply, "Violations of Double Jeopardy." (ECF 9 at 2.) There is no indication from the petition, the accompanying motion, or the public docket that Mr. Martin was previously acquitted or is being tried twice on any charge. He has not stated a cognizable Double Jeopardy claim. Assuming the petition could be read to assert a viable Double Jeopardy claim, there is no indication he presented such a claim to the state courts in one complete round of state review. *See Brown v. State*, 171 N.E.3d 1070 (Table), 2021 WL 2600952 (Ind. Ct. App. June 24, 2021) (considering interlocutory appeal of defendant's Double Jeopardy claim); *Etter v. State*, 56 N.E.3d 53 (Ind. Ct. App. 2016) (same). He has not demonstrated an entitlement to federal habeas relief in connection with this claim.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must

make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

For the reasons explained above, the only cognizable claim Mr. Martin advances—a denial of his Sixth Amendment speedy trial right—is unexhausted. Even if he could overcome the exhaustion barrier, his claim lacks merit under governing standards. He does not state a cognizable Double Jeopardy claim based on what he has alleged, but even if he did, he has not presented this claim to the state courts in the first instance. The court finds no basis to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage him to proceed further in federal court in advance of his state criminal trial.

For these reasons, the court:

(1) GRANTS the petitioner's "Motion of Response" (ECF 9) to the extent that this filing was considered in ruling on the petition;

(2) DISMISSES the petition (ECF 8);

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on May 22, 2023.

                                       s/ *Holly A. Brady*
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT